Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3453 | **DATE** | 2/26/2003 |
| **CASE TITLE** | Saket vs. American Airlines Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to April 24, 2003 at 9:00 a.m. For the reasons stated in the attached Memorandum Opinion and Order, Defendant's Motion to Compel the Plaintiff to Produce is granted [10-1] and Saket's Motion to Compel is granted in part and denied in part [13-1]. Parties have until March 12, 2003 to comply with this order. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | FEB 28 2003 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| cav | courtroom deputy's initials | 03 FEB 27 PM 3:46 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 28 2003

MOHAMMAD SAKET, )
)
      Plaintiff, )
)
vs. ) Case No. 02 C 3453
)
AMERICAN AIRLINES, INC., )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

NAN R. NOLAN, Magistrate Judge:

Plaintiff Mohammad Saket filed suit against defendant American Airlines, Inc. alleging national origin discrimination in violation of Title VII. This matter is now before the Court on American's Motion to Compel (Docket Entry #10-1) and Saket's Motion to Compel (Docket Entry #13-1). For the reasons set forth below, American's motion is granted and Saket's motion is granted in part and denied in part.

### DISCUSSION

**A.    American's Motion to Compel**

    1.    <u>Psychiatric Records</u>

American argues that Saket has put his mental health into question in this case by seeking mental and emotional damages totaling $1.5 million, and seeks to compel Saket to produce documents relating to his psychological condition and treatment. Saket denies that he is seeking what he calls "psychiatric damages" and argues that his claim for "emotional pain, physical manifestations of that pain, humiliation and the mental anguish of being the object of national



origin discrimination and invidious retaliation" does not open the door to discovery of otherwise privileged doctor/patient records. In this regard, Saket states that he has "chosen" to rely on *Santelli v. Electro-Motive*, 188 F.R.D. 306 (N.D. Ill. 1999).

In *Santelli*, the plaintiff sought damages for emotional distress but limited her claim to compensation for humiliation, embarrassment and other similar emotions. The court found that the plaintiff did not waive her psychotherapist-patient privilege because the limitation she agreed to would preclude her from introducing evidence of any symptoms or conditions she suffered as a result of the negative emotions she felt. 188 F.R.D. at 309. Also, she could not discuss any fact or details of her treatment or offer any evidence regarding a medical or psychological diagnosis. *Id.*

Saket's complaint, conversely, suggests that he is in fact seeking to recover for the symptoms and conditions he suffered as a result of the emotional pain and humiliation – the "physical manifestations of that pain." Saket's interrogatory responses similarly indicate that he plans to introduce evidence of the "negative, destructive impact on plaintiff and his wife of American's discriminatory treatment and termination of plaintiff." DX 4. And *Santelli* makes clear that "a party waives h[is] psychotherapist-patient privilege by electing to inject into a case either the fact of h[is] treatment or *any symptoms or conditions that [h]e may have experienced.*" 188 F.R.D. at 309 (emphasis added). Absent some indication that Saket is limiting his claim to compensation for humiliation, embarrassment and other similar emotions and will not introduce evidence about his medical treatment or the symptoms he suffered (e.g., sleeplessness, nervousness, depression, etc.), American's motion to compel his psychological records is granted. *See Krocka v. City of Chicago*, 193 F.R.D. 542, 544 (N.D. Ill. 2000) ("if plaintiff

2

wishes to maintain the privilege as to the [psychological] evidence at issue, he must be subject to the same limitations as the plaintiff in *Santelli*").

2. Outside Employment Records

American also seeks documents and information relating to any outside employment Saket held during his last 15 months as an American employee. According to American, this information is relevant to Saket's efforts at mitigating his damages. In addition, American claims that the information may lead to the discovery of admissible evidence regarding "other job related dishonest acts committed by Plaintiff," which is one of the reasons American gives for Saket's discharge. Def. Reply, p. 4. Saket argues that the information is not relevant and notes that he has produced his tax returns for that period in any event.

The Federal Rules of Civil Procedure contemplate liberal discovery, and "relevancy" under Rule 26 is extremely broad. *See Hahn v. Village of Downers Grove*, No. 98 C 7281, 1999 WL 350861, at *4 (N.D. Ill. May 26, 1999). "A discovery request is relevant if there is any chance that the information sought may be relevant to the subject matter of the action." *Shapo v. Engle*, No. 98 C 7909, 2000 WL 876994, at *3 (N.D. Ill. July 3, 2000). In this case, any outside employment Saket performed while working for American – whether or not he reported it on his tax returns – may be relevant as to his ability to find alternate employment to mitigate his damages. Significantly, Saket does not state that American was his sole employer during the relevant time period which would put an end to the inquiry. Saket has not rebutted American's showing that information about his outside employment from January 1, 1999 to April 2000 is relevant under Rule 26, and the motion to compel is granted.

B.  **Saket's Motion to Compel**

1.  <u>Other Disciplined Employees</u>

Saket seeks to compel American to produce information relating to other American employees at O'Hare, excluding pilots and flight attendants, who were investigated or disciplined for the same misconduct as Saket; namely, falsification of records in violation of Company Rule 23 (misconduct), and violation of Company Rule 24 (harassment policy). A claim of national origin discrimination requires a showing that similarly situated employees outside the protected class were treated more favorably. *Lalvani v. Cook County, Illinois*, 269 F.3d 785, 789 (7th Cir. 2001). American claims that only employees with similar job responsibilities and work environments are comparable to Saket. Def. Mem., p. 2. However, American has not shown that record falsification and harassment are job-specific disciplinary charges. And at this stage of discovery, the Court lacks sufficient information to make a definitive determination regarding which employees are similarly situated to Saket in all relevant respects. It is thus not appropriate to limit discovery to employees with Saket's specific job duties.

At the same time, American employed some 11,000 workers during the relevant time period and Saket has not demonstrated a need for information relating to employees who did not work with or report to the same individuals alleged to have discriminated against him. Thus, American must produce documents, including investigation and disciplinary records, for all employees at O'Hare (excluding pilots and flight attendants) who worked with or reported to any of the individuals alleged to have discriminated against Saket, and who were investigated or disciplined for falsifying records or violating the harassment policy. The time period requested by Saket, *i.e.*, the period of his employment from June 1, 1997 through April 20, 2000, is

4

reasonable. *See Jakob v. Champion International Corp.*, No. 01 C 0497, 2001 WL 1442514, at *3 (N.D. Ill. Nov. 15, 2001).

With respect to American's objection to producing entire personnel files, the argument is premised on the assumption that the records are of limited relevance. Def. Mem., p. 3. As explained earlier, the Court disagrees with American's relevancy argument. Also, the Court has significantly limited the scope of Saket's requests, thereby reducing the burden of complying with them. *See Sykes v. Target Stores*, No. 00 C 5112, 2002 WL 554505, at *4 (N.D. Ill. Apr. 15, 2002). American may, however, remove the following information from the personnel files: unlisted addresses and telephone numbers, social security numbers, marital status, medical and health insurance information, criminal history and credit information (*e.g.*, request for garnishment of wages). *See Davis v. Precoat Metals, a Division of Sequa Corp.*, No. 01 C 5689, 2002 WL 1759828, at *4 (N.D. Ill. July 29, 2002). In addition, American may seek an appropriate protective order ensuring that the files will be limited to attorneys' eyes only and that they can only be used for purposes of this litigation. *Id.* If American believes that additional information contained in the personnel files should be withheld based on privacy concerns, it must describe the document on a properly supported privilege log sufficient to allow Saket the opportunity to object. *See Byers v. Illinois State Police*, No. 99 C 8105, 2002 WL 1264004, at *13 n.3, 16 (N.D. Ill. June 3, 2002).

2.  Other Complaints of Discrimination

Saket next seeks information regarding complaints of national origin and race discrimination made by O'Hare employees, excluding pilots and flight attendants, during the period of his employment. In a discrimination case such as this, evidence of other acts of

discrimination by the defendant may be relevant to establish pretext. *See McDonnell Douglas v. Green*, 411 U.S. 792, 804-05 (1973); *Davis*, 2002 WL 1759828, at *2. American argues that Saket is engaging in a "fishing expedition" by asking for information about all employees who "complained about" or "voiced concerns" about discrimination either "formally or informally." Def. Mem., p. 3. Again, Saket has not demonstrated that this broad request is appropriate beyond employees in his work group and/or complaints involving the individuals he alleges discriminated against him. American must produce the relevant personnel files for those individuals on the same terms and conditions set forth in section (B)(1) of this opinion.

3. Other Personnel Files

Finally, Saket seeks the personnel files of six employees alleged to have discriminated against him. Pl. Mem., p. 4. These are clearly relevant and must be produced. *See Byers*, 2002 WL 1264004, at *13. As with the other personnel files, American must follow the terms and conditions set forth in section (B)(1) of this opinion.

## CONCLUSION

For the reasons stated above, American's motion is granted and Saket's motion is granted in part and denied in part.

_____
NAN R. NOLAN
United States Magistrate Judge

Dated: February 26, 2003

6